UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

WAYNE SYLVESTER,          :
                                  :
      Plaintiff,           :
                                  :
         v.             :        Docket No. 1:12-cv-00057 (jgm)
                                  :
NICHOLAS PIPINO         :
                                  :
      Defendant.      :
_____ :

**MEMORANDUM AND ORDER**
(Docs. 8, 20)

I.    <u>Introduction</u>

      The Plaintiff in this action seeks damages for injuries purportedly caused by an automobile collision in Massachusetts.  (Doc. 1.)  The Defendant moves to dismiss for lack of jurisdiction and improper venue.  (Doc. 8.)  The Plaintiff opposes this motion (Doc. 19), and alternatively moves to transfer this action to the District of Connecticut.  (Doc. 20.)  His transfer motion is unopposed. For the reasons set forth below, the Court reserves ruling on the pending motions, and ORDERS the parties to show cause within fourteen days why it should not transfer this action to the District of Massachusetts, and invites responsive memoranda within seven days after this deadline.

II.   <u>Factual Background</u>[1]

      On March 21, 2009, the Defendant lost control of his vehicle as he merged onto I-91 in Northhampton, Massachusetts.  (Doc. 19-3 at 3.)  His vehicle spun into oncoming traffic, colliding with a vehicle in which the Plaintiff was a passenger.  <u>Id.</u>  The collision injured the Plaintiff, who

---

[1] The Court derives these facts from the evidentiary record the Plaintiff developed in opposition to the Defendant's motion to dismiss.  (Doc. 19.)  For purposes of this motion, the Court assumes the truth of the Plaintiff's factual averments.

resides in Irasburg, Vermont.  Id.  The Defendant has lived in West Hartford, Connecticut since

1998.  (Doc. 19-4 at 7.)  The collision occurred on his drive home from visiting a friend in

Massachusetts.  Id. at 20-21.

The Defendant attends college and works at a supermarket in Connecticut.  Id. at 9-11.  He

orders groceries for the supermarket through an electronic system.  Id. at 17.  The Defendant

acknowledges that he "order[s] a lot of stuff" and has ordered groceries from "mom-and-pop"

distributors in Vermont.  Id. at 16.  The supermarket has three large distributors that the Defendant

deals with regularly.  Id.  None of these distributors are located in Vermont.  Id.  He only orders

from small distributors "here and there."  Id.   Because he places the orders electronically, the

Defendant notes he "never really establishe[s] a rapport with" the distributors.  Id. at 17.

The Defendant has worked at the supermarket since 2007.  Id. at 15.  From 1998 to 2007, he

placed orders for several other stores in Connecticut.  Id. at 10-14.  There is no evidence he ordered

from distributors in Vermont while at these stores.  See id.

The Defendant has visited Vermont three times.  Id. at 18-20, 23-24.  In addition to driving

through Vermont in 2004, he attended a concert in Vermont in 2010 or 2011.  Id. at 18-20.  He also

traveled to Vermont in 2012 to reunite with his half-sister.  Id. at 18, 23-24.

III.   Discussion

A.   Personal Jurisdiction and Venue

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), the

plaintiff bears the burden of establishing personal jurisdiction over the defendant.  Ball v. Metallurgie

Hoboken-Overpelt, S.A., 902 F.2d 194, 196-97 (2d Cir. 1990).  A plaintiff satisfies this burden before

discovery "with legally sufficient allegations that present prima facie evidence of proper jurisdiction."

Anichini, Inc. v. Campbell, No. 1:05-cv-55, 2005 WL 2464191, at *1 (D. Vt. Oct. 4, 2005) (internal

quotations omitted).  At this preliminary stage, a court "evaluates the plaintiff's pleadings and affidavits, construes them in the light most favorable to the plaintiff, and resolves any doubts in the plaintiff's favor."  Id. (citing cases).

A two-part inquiry governs personal jurisdiction determinations.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  The courts first review the applicable long-arm statute and next consider whether jurisdiction violates due process.  Id. at 567-68.  Because Vermont's long-arm statute allows jurisdiction over a defendant to the full extent permitted by the Due Process Clause, the inquiry in Vermont is reduced only to the due process analysis.  KBA N. Am. Inc. v. Amerigraph, LLC, No. 1:07-cv-118, 2007 WL 4119119, at *2 (D. Vt. Nov. 16, 2007). The due process analysis requires courts to consider: (1) whether the defendant has sufficient "minimum contacts" with the forum state, and (2) if such contacts exist, whether jurisdiction based on such contacts is reasonable under the circumstances of the particular case.  Id.

To satisfy the first prong of this analysis, a nonresident defendant must have sufficient minimum contacts with the forum state that the defendant "should reasonably anticipate being haled into court there."  Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp., 921 F. Supp. 1206, 1209 (D. Vt. 1996) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  A defendant should "reasonably anticipate" out-of-state litigation when it "purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its law."  Id. at 1209-10 (Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

A showing of either "specific" or "general" jurisdiction may satisfy the minimum contacts requirement.  Metro. Life Ins. Co., 84 F.3d at 567.  Specific jurisdiction exists where a claim "aris[es] out of or relate[s] to the defendant's contacts with the forum."  Id. at 567-68 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).  The automobile collision giving rise

3

to this lawsuit occurred in Massachusetts as the Defendant drove to Connecticut.  The Plaintiff has not alleged any relationship between the collision, the Defendant, and Vermont, making an exercise of specific jurisdiction inappropriate here.  See Doc. 19 at 2.  The Plaintiff must therefore satisfy the "more stringent minimum contacts test" for general jurisdiction cases by demonstrating the Defendant has "continuous and systematic general business contacts" with Vermont.  Metro. Life Ins. Co., 84 F.3d at 568.

The Plaintiff's prima facie jurisdictional showing falls short of establishing continuous and systematic contacts with Vermont.  Viewing the evidence in the light most favorable to him, the Plaintiff has shown that the Defendant: (1) traveled through Vermont in 2004; (2) attended a concert in Vermont in 2010 or 2011; (3) visited his half-sister in Vermont in 2012; and (4) has ordered groceries for his current employer from Vermont.  Doc. 19 at 2.  The Defendant's three visits to Vermont over an eight-year period by no means constitute continuous and systematic contacts.  See Kulko v. California Superior Court, 436 U.S. 84, 93 (1978) (asserting jurisdiction based on three-day and one-day trips to state "would make a mockery of the limitations on state jurisdiction" found in the due process clause).  These brief visits are neither frequent nor significant enough for the Defendant to reasonably anticipate that a Vermont court might subject him to jurisdiction.  See Xiu Feng Li v. Hock, 371 Fed. App'x. 171, 175 (2d Cir. 2010), cert. denied, 131 S. Ct. 576 (2010) (refusing to assert jurisdiction based on occasional solicitations in and shipments to forum state).

Even adding the grocery orders to this calculus, this Court still lacks jurisdiction.  See Metro. Life Ins. Co., 84 F.3d at 570 (directing courts to "assess the defendant's contacts as a whole").  The Plaintiff has alleged the Defendant orders groceries from distributors in Vermont on behalf of his employer.  There is no allegation the Defendant established the relationship his employer has with the distributors.  Nor does the Plaintiff allege the Defendant personally contracts to purchase the

groceries.  The Defendant just places the orders for his employer through an electronic system.  The Supreme Court has made clear that "mere purchases [of products] . . . are not enough to warrant a [s]tate's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."  Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 418.  See also Artec Distrib., Inc. v. Video Playback, Inc., 799 F. Supp. 1558, 1561 (D. Vt. 1992) (dismissing case for lack of jurisdiction although defendant had purchased products from forum state and remitted payments there).  Taken together, the Defendant's placement of grocery orders and three visits do not constitute continuous and systematic contacts for personal jurisdiction purposes.  Because the Defendant lacks sufficient minimum contacts with Vermont, this Court will not consider the reasonableness of asserting jurisdiction over him.  See KBA N. Am. Inc., 2007 WL 4119119, at *2-3.  The Plaintiff has not met his burden of showing that a Vermont court may exercise jurisdiction over the Defendant.

In addition, venue is improper in Vermont because: (1) the Defendant does not reside in Vermont; (2) the collision did not occur in Vermont; and (3) the Defendant is subject to personal jurisdiction in Connecticut, where he resides, and Massachusetts, where the collision occurred.  See 28 U.S.C. § 1391.  Accordingly, if it could exercise personal jurisdiction over the Defendant, this Court would nevertheless dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3).

B.     Motion to Transfer

In lieu of dismissing an action for lack of personal jurisdiction or improper venue, a court may instead transfer it to an appropriate federal court.  The Plaintiff moves to transfer this action to the District of Connecticut under 28 U.S.C. § 1404(a).  (Doc. 20 at 3.)  However, because the Court

lacks jurisdiction and venue is improper, 28 U.S.C. § 1406(a)[2] is the applicable transfer provision here. Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 687 (E.D.N.Y. 2005). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C.  § 1406(a).  A court may transfer an action under section 1406(a) even if it lacks personal jurisdiction and proper venue over the action.  SongByrd, Inc v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000).  The decision whether to dismiss or transfer an action "lies within the sound discretion of the district court."  Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

The Plaintiff asserts transfer is "in the interest of justice" here because he "should be able to recover from [the Defendant] for the harm caused" by the collision.  (Doc. 20 at 3.)  While not explicitly stated in his motion, the Plaintiff appears to seek transfer to prevent the three-year statute of limitations period on personal injury actions in Vermont from expiring.  See id.; Vt. Stat. Ann. tit. 12, § 512(4).  The Plaintiff commenced this action on March 20, 2012 following a collision in Massachusetts on March 21, 2009.  (Doc. 1 at ¶ 5.)  His lawsuit barely falls within the three-year limitations period in Vermont.

A transfer order permits a plaintiff "to benefit from whatever tolling of [the statute of limitations] has taken place."  Corke v. Sameiet M. S. Song of Norway, 572 F.2d 77, 80 (2d Cir.

---

[2]  A "nearly hopeless muddle of conflicting reasoning and precedent" blurs the line between sections 1404(a) and 1406(a).  14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3827 (3d ed. 2012) (quoting Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1106 (5th Cir. 1981)).  In addition to permitting transfer "in the interest of justice," section 1404(a) also permits transfer "[f]or the convenience of parties and witnesses."  Because section 1404(a) and 1406(b) both contain the former standard, and the Plaintiff relies on that standard only, the distinction is immaterial to the determination here.  Indeed, some courts in this circuit have combined these two sections into "only one inquiry . . . : whether the 'interests of justice' require transfer or dismissal."  In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 257 F. Supp. 2d 717, 734 (S.D.N.Y. 2003) (interpreting 28 U.S.C. 1631 as well and hereinafter "In re Ski Train Fire").

1978).  The interests of justice therefore support transfer if the relevant statute of limitations period

would preclude a plaintiff from refiling in another district.  See, e.g., In re Ski Train Fire, 257 F. Supp.

2d at 735 (denying "plaintiffs the opportunity to sue . . . defendants in a jurisdiction where they could

have originally brought suit . . . solely because they selected the wrong forum at the outset of [the]

case would be grossly unfair").  The Second Circuit has recognized that refusing to transfer under

these circumstances may "severely prejudice" a plaintiff, without exacting any hardship on the

defendant.  Corke, 572 F.2d at 80.  Transfer also advances the "functional purpose" underlying

section 1406(a) by "eliminat[ing] impediments to the timely disposition of cases and controversies on

their merits."  Minnette, 997 F.2d at 1027.  If transferring this action to Connecticut would permit

the Plaintiff to have his day in court, the Court would be inclined to do so.

        Yet transferring this action to Connecticut would not prevent the statute of limitations from

running.  Connecticut has a two-year statute of limitations on personal injury claims, making the

Plaintiff's action time-barred there.  Conn. Gen. Stat. Ann. § 52-584.[3]  A district court in Connecticut

would apply that period, as opposed to the three-year period in Vermont.

> If a district court receives a case pursuant to a transfer under 28 U.S.C.
> § 1406(a), for improper venue, or 28 U.S.C. § 1631, for want of
> jurisdiction, it logically applies the law of the state in which it sits,
> since the original venue, with its governing laws, was never a proper
> option.  In contrast, when a case is transferred for convenience under
> 28 U.S.C. § 1404(a), the law of the transferor state is to be applied so
> long as the transferor state could properly have exercised jurisdiction.

---

[3]  This two-year limitations period for "action[s] to recover damages for injury to the person . . .
caused by negligence, or by reckless or wanton misconduct" is a carve-out from a broader, three-year
limitations period for "action[s] founded upon a tort " under Conn. Gen. Stat. Ann. § 52-577.  E.g., Travelers
Indem. Co. v. Rubin, 209 Conn. 437, 441 (1988).  The two-year limitations period would apply to this action
because the Plaintiff alleges the Defendant's "reckless driving" caused personal injuries.  (Doc. 1 at ¶¶ 10-14.)

Gerena v. Korb, 617 F.3d 197, 204 (2d Cir. 2010).  The law of the transferee court (Connecticut) would therefore apply here because the transferor court (Vermont) lacks jurisdiction.  Because statutes of limitations are procedural under Connecticut conflict-of-laws rules, a federal court sitting there would apply Connecticut's two-year limitations period.  Slekis v. Nat'l R.R. Passenger Corp., 56 F. Supp. 2d 202, 204 (D. Conn. 1999) (applying Connecticut limitations period in diversity action stemming from train accident in Vermont).  If transferred to Connecticut, the Plaintiff's action will be deemed untimely.  As his action is a "sure loser" in Connecticut, the Court is unwillingly to transfer it there.   Cf. Moreno-Bravo v. Gonzales, 463 F.3d 253, 263 (2d Cir. 2005) (interpreting section 1631 governing transfers for want of subject-matter jurisdiction).

Instead of dismissing this action for lack of jurisdiction or improper venue, however, the Court is inclined to transfer it to the District of Massachusetts.  The collision giving rise to this action occurred in Massachusetts, making jurisdiction and venue proper there.  Massachusetts has a three-year statute of limitations for personal injury actions.  Mass. Gen. Laws Ann. ch. 260, § 2A.  When a court proposes transfer sua sponte, "the parties should be provided notice and an opportunity to be heard."  Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982) (interpreting section 1404(a)).  Accordingly, the Court orders the parties to show cause within fourteen days why it should not transfer this action to the District of Massachusetts.  The parties may file responsive memoranda within seven days after this deadline.

IV.   Conclusion

The Court reserves ruling on the Defendant's motion to dismiss (Doc. 8) and the Plaintiff's motion to transfer.  (Doc. 20.)  The parties shall show cause, on or before December 3, 2012, why the Court should not transfer this action to the District of Massachusetts.  Responsive memoranda may be filed on or before December 10, 2012.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of November, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge